In the matter of the probate of the last will and testament of EMMA C. BOLLES, deceased.

[Submitted October 27th, 1933. Decided February 2d, 1934.]

*Mr. Conover English,* for the appellant.

*Mr. Alfred L. Kettel* and *Mr. John Milton,* for the respondent, Fifth Avenue Bank.

The opinion of the court was delivered by

PARKER, J.

The controversy relates to the validity, effect, and application of chapter 72 of the laws of 1933 (*P. L. p. 142*), which is not lengthy, and is best reproduced entire:

"A supplement to an act entitled 'An act respecting the orphans court, and relating to the powers and duties of the ordinary and the orphans court and surrogates' (Revision 1898), approved June fourteenth, one thousand eight hundred and ninety-eight.

"Be it enacted by the Senate and General Assembly of the State of New Jersey:

"1. Whenever a will has been offered for probate before the surrogate or orphans' court, or shall be hereafter offered for probate before the surrogate or orphans court, and another will, whether of earlier or later date has been or shall be offered for probate in the prerogative court, the prerogative court shall take jurisdiction of the complete controversy with respect to said wills and shall make an order to consolidate the proceedings to determine the validity of the said wills; and upon filing a certified copy of said order of consolidation with the surrogate of the county wherein the orphans court proceedings are pending, the orphans court and the surrogate shall forthwith transmit or cause to be transmitted to the prerogative court a record of the proceedings before said surrogate and orphans court. The proceedings in the prerogative court with respect to the probate of said wills shall be the same as if said wills were originally offered for probate in the prerogative court.

"2. All acts and parts of acts inconsistent with the provisions of this act be and the same are hereby repealed.

"3. This act shall take effect immediately.

"Approved March 21st, 1933."

Emma C. Bolles, of Elizabeth, Union county, died September 2d, 1932. A paper-writing purporting to be her will, dated May 14th, 1924, named the Fifth Avenue Bank as an executor, and that paper was presented to the prerogative court for probate apparently on March 23d, 1933. Two other papers purporting to constitute a last will and testament of the deceased, had been propounded to the surrogate of Union county for probate at an earlier date, and by him admitted to probate. The state of the case is very meagre and consists simply of the petition to the prerogative court and the order thereon appealed from, but we are informed by appellant's brief that the papers proved before the surrogate were in form a will, dated July 14th, 1927, and a codicil, dated November 30th, 1929; and that the letters testamentary issued by the surrogate bear date September 14th, 1932. The exact dates are useful but not material. The case itself shows that appeal to the orphans court from the surrogate had been taken and was still pending when the order under review was made.

Chapter 72 was approved and became effective March 21st, 1933. The petition to the prerogative court, offering the earlier will, and praying "consolidation of the proceedings"

by removal of the litigation pending in the orphans court into the prerogative court, was dated March 22d, 1932 (1933?), sworn to March —, 1933, filed March 23d, 1933, and the order under review bears date and was filed March 23d, 1933. No other facts are before us.

The main attack is on the statute as not warranting the order. First, because it should not be construed as retroactive, and cannot apply unless so construed. Secondly, because the case before us is not within its purview. Third, that it is invalid as encroaching on the jurisdiction of a constitutional court. Fourth, that it is unconstitutional (a) as failing to express its object in the title, and (b) as intermixing things that have no proper relationship to each other. Constitution, article 4, section 7, paragraph 4.

We find it unnecessary to deal with any of these points except the second, which we consider to be well taken.

The act relates to cases where a will has been "offered for probate" (a) before the surrogate, or (b) before the orphans court; and another will be "offered for probate" in the prerogative court.

This language is not inclusive of cases where any will has not only been "offered" for probate before the surrogate but actually admitted to probate by him. If there had been no appeal from the surrogate to the orphans court, the inapplicability of the statute would be clear beyond peradventure. The difficulty, so far as there is a difficulty, arises from the language of section 202 of the Orphans Court act (*Comp. Stat. p. 3888*), which reads as far as relevant as follows: "Proceedings of surrogates respecting the probate of will[s] shall be subject to appeal to the orphans court by any person interested, or other person legally representing him, and to proceedings thereon, *as if the will had not been proved * * *.*"

It is of course true that when such an appeal is brought on for actual hearing, it takes the form of a probate proceeding *de novo,* as though no probate had previously been decreed. At such hearing, the will is propounded anew, and the proofs are taken irrespective of what was done before the surrogate. However, the taking of the appeal is not an offering of the

will for probate, but quite the reverse, as it necessarily is taken by a party who intends to resist such probate, rather than urge it. Hence there can be no "offering" of the will in the orphans court under such circumstances, until the appeal is brought on for hearing. It may never be heard at all. It will be dismissed if taken too late. *Murray* v. *Lynch, 64 N. J. Eq. 290; 65 N. J. Eq. 399.* Or, even when properly taken, it may be dismissed. In the case of *In re Hynes, 69 N. J. Eq. 485,* an appeal was dismissed on application of appellant, without notice and without hearing. It would be idle to say that in that case the will was ever "offered" to the orphans court. In fact the vice-ordinary there expressly held that the surrogate's decree was a finality.

The language of the act of 1933 is apt in the following cases:

1. A will may be offered to the surrogate for probate after ten days. Orphans Court act, section 15.

2. If there be a caveat, or doubts arise on the face of the will, or a dispute arises respecting the existence of a will, the surrogate shall not act, but shall cite all parties to appear in the orphans court. Section 13. In such case the will is "offered" in that court.

3. Or it may be originally "offered" to the prerogative court.

The act of 1933 may be conceded to be applicable to cases 1 and 2, where another alleged will is "offered" in the prerogative court (case 3), but the statute does not apply in express terms, nor as we think can it be stretched by implication to cover a case where a will has been actually proved and decree of probate thereon entered, though subject to appeal which has not been heard and may never be heard.

As we read the statute, it is intended to apply to cases where one will has been offered but not proved before the surrogate in the ordinary case, or before the orphans court in the cases under section 13 in which the surrogate must cite the parties into that court; but does not apply to cases where original decree of probate has been had before the surrogate and is attacked by an appeal.

The order under review will be reversed, with costs.

304

*For affirmance*—CASE, BODINE, DONGES, PERSKIE, DEAR, WELLS, JJ.   6.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, HEHER, KAYS, HETFIELD, DILL, JJ.   8.